16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Forward SANDERS, Defendant-Appellant.
 No. 93-5015.
 United States Court of Appeals,
Fourth Circuit.
 Submitted June 30, 1993.
Decided Jan. 10, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CR-89-395)
 Allen B. Burnside, Asst. Federal Public Defender, Columbia, SC, for appellant.
 Margaret B. Seymour, U.S. Atty., William G. Yarborough, III, Asst. U.S. Atty., Greenville, SC, for appellee.
 D.S.C.
 AFFRIMED.
 Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Eric Forward Sanders appeals the district court's order denying his oral motion to suppress. Because Sanders waived appellate review by consciously foregoing this previously available issue in his first appeal, we affirm the district court's order and Sanders' conviction and sentence.[1]
 
 I.
 
 2
 In January 1990, Sanders was tried and convicted for the October 1989 armed robbery of the Security Federal Savings Bank in Greenville, South Carolina. Prior to trial, defense counsel moved to suppress identification testimony by two bank tellers. Counsel argued that the identifications were inherently unreliable, due to the tellers' limited opportunities to observe the robber, and tainted by a purportedly improper photographic display previously shown to the tellers. After hearing oral argument and the testimony of the two tellers and the police officer who conducted the photographic display, the court denied Sanders' motion. Sanders was sentenced to 300 months imprisonment.
 
 
 3
 Sanders raised three issues on direct appeal. United States v. Sanders, 954 F.2d 227 (4th Cir.1992). Finding the district court had erroneously admitted a confession tainted by an illegal arrest, this Court reversed Sanders' conviction and remanded for a new trial. Id. at 231. The issue of the tellers' testimony was not raised in this first appeal.[2]
 
 
 4
 On retrial, the same defense counsel again sought suppression of the tellers' identification testimony. Counsel conceded that his arguments were identical to those raised at the first trial and that he had consciously chosen not to contest the court's previous denial of his motion to suppress in the first appeal.[3] After considering another extensive voir dire of the tellers and the police officer, the district court reaffirmed its denial of the suppression motion, finding again that the photographic display was not tainted and that the tellers had adequate observational opportunities to form an identification of the robber. Again convicted, Sanders was sentenced to 276 months imprisonment.
 
 
 5
 Sanders' second appeal of his conviction and sentence focuses solely on the previously forsaken challenge to the propriety of the denial of the suppression motion.
 
 II.
 
 6
 The mandate rule, which renders the mandate of a superior court "controlling as to matters within its compass," Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939), forecloses the "litigation of issues decided by the district court but foregone on appeal or otherwise waived." United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993).
 
 
 7
 Defense counsel's concession that he made a conscious, tactical decision to abandon the identification suppression issue in the first appeal constituted an "intentional relinquishment or abandonment of a known right" and, therefore, a waiver of that issue for purposes of this second appeal. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). We shall refuse Sanders' attempt to take "two bites at the appellate apple." United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir.1989) (quoting United States v. Williams, 679 F.2d 504, 507 (5th Cir.1982), cert. denied, 459 U.S. 1111 (1983)).
 
 III.
 
 8
 For the reasons stated herein, we find Sanders has waived subsequent appellate review of the district court's denial of his motion to suppress, and affirm Sanders' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 It is "beyond cavil" that an appellate court may raise the issue of waiver sua sponte. United States v. Gimbel, 782 F.2d 89, 91 n. 5 (7th Cir.1986); see also United States v. Filker, 972 F.2d 240, 241 (8th Cir.1992)
 
 
 [2]
 The only mention of the tellers' testimony was a cursory statement in the Court's recitation of facts. Sanders, 954 F.2d at 229 ("Sander's [sic] trial followed and two tellers identified Sanders as the robber.")
 
 
 [3]
 The following pretrial discussion ensued:
 THE COURT: All right, your position is identical as it was at the first trial?
 MR. BURNSIDE [defense counsel]: Yes, sir, it is.
 THE COURT: And did you appeal that ruling?
 MR. BURNSIDE: No sir, I didn't. I made a tactical decision to appeal on other issues rather than that.
 THE COURT: All right. Well, wouldn't you have waived your right if you--
 MR. BURNSIDE: I don't know that I have waived my right. I think I waived it--on the first trial, I waived my right. I don't know that it's gone forever.
 Joint Appendix at 6-7 (emphasis added).