UNITED STATES of America, Plaintiff–Appellant,

v.

Martin GARCIA–PILLADO, Defendant–Appellee.

No. 89–1672
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 26, 1990.

LeRoy Morgan Jahn, Asst. U.S. Atty., Ronald Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellant.

Chris Kelso, Federal Public Defender, El Paso, Tex., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

The government appeals the sentence imposed on defendant-appellee Martin Garcia–Pillado (Garcia). As the contentions urged by the government on appeal were not raised below, we conclude that, under the circumstances of this case, they have been waived, and we hence affirm.

**Proceedings Below**

Garcia was charged in a three-count indictment, and pleaded guilty to count two in return for the government's agreement to dismiss counts one and three. Count two alleged that on or about February 9, 1989, Garcia and certain others, aided and abetted by each other, possessed more than one hundred grams of heroin with intent to distribute it, contrary to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At the guilty plea hearing, the district court asked Garcia if he knew what "the maximum sentence" for count two was, and Garcia responded, "Five to forty years." The court also advised him of the maximum fine and that there would be at least four years' supervised release. The court did not otherwise advise Garcia of any minimum term of confinement. The court ascertained from Garcia that his attorney had "told you that you would be sentenced under the Sentencing Commission Guidelines," and informed Garcia "that the court will not be able to determine the Guideline sentence for your case until after the presentence report has been completed," and further that "I have the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for in the Guidelines." The court also ascertained that the only agreement with the government was that counts one and three would be dismissed. Garcia's plea to count two was accepted.

Approximately a week later, the presentence report was prepared. It noted that the quantity of heroin involved was 149 grams, which produced a base offense level of twenty-six under the Guidelines. It further stated that the only adjustment to the base offense level which was found applicable was a two-point reduction for acceptance of responsibility, which produced a total guideline offense level of twenty-four. As Garcia had no criminal convictions, the report determined that he had zero criminal

history points and a criminal history category of I under the Guidelines. No other offense conduct was involved. In that part of the sentencing options section of the presentence report dealing with custody, it was noted under "Statutory Provisions" that "the statute provides an imprisonment range from 5 to 40 years," citing 21 U.S.C. § 841(b)(1)(B); and under the heading, "Guideline Provisions," it was stated that "[b]ased on a total offense level of 24 and a criminal history category of I, the guideline imprisonment range is 51 to 63 months." In the section of the report concerning "Factors That May Warrant Departure," under the subsection entitled "Statutory Provision," it was noted that the court "may impose a sentence different from what is described by the guidelines, if an aggravating or mitigating circumstance exists which was not adequately taken into consideration in formulating the guidelines," citing 18 U.S.C. § 3553(b). The report then states: "No circumstance exists which would make departure applicable." In an addendum to the report, the probation officer noted that the report had been disclosed to Garcia and his counsel and to the government and that neither had communicated any objections.

Approximately three weeks later, on May 31, 1989, the sentencing hearing was held. At the commencement of the hearing, the court ascertained on the record from the government counsel that the government had no objections to the presentence report. The court then ascertained that Garcia had no objections to the presentence report. The court then announced, "I will find as appropriate the Guidelines as set forth on pages 5, 6 and 7 of the Guidelines." It is obvious that in the last reference to "Guidelines" the court misspoke itself and intended to refer to pages 5, 6, and 7 of the presentence report. Page five of the presentence report contains the computation of the offense level, as adjusted; page six includes the criminal history computation, the reference to the statutory imprisonment range, and the calculation of the guideline imprisonment range of fifty-one to sixty-three months; page seven includes

discussion with reference to supervised release and probation.

Garcia and his counsel then each spoke to the court, Garcia's counsel urging the court "to consider sentencing him at the low end of the Guidelines." The court then announced, "I see no reason, however, in this case to depart from the Guidelines and will not depart from the Guidelines," and proceeded to sentence Garcia to fifty-four months' imprisonment, to be followed by four years of supervised release and a $50 special assessment.

After pronouncing this sentence, the court inquired, "Anything further from the government?" The assistant United States attorney then moved to dismiss counts one and three, and the court ordered those counts dismissed. Then, after ascertaining that neither Garcia nor his counsel had anything further, the court adjourned the proceedings.

The judgment and committal order sentencing Garcia in accordance with the court's announcement in open court was signed the same day and filed two days later. Approximately twenty-eight days thereafter, the government filed its notice of appeal, thus for the first time giving any indication, so far as this record discloses, that it was in any way dissatisfied with anything about the proceedings below.

### Discussion

On appeal, the government contends that the district court erred by sentencing Garcia to confinement for only fifty-four months since, for the offense alleged in count two, possessing more than one hundred grams of heroin with intent to distribute it contrary to section 841(a)(1), the relevant statute provides: "In the case of a violation of subsection (a) ... involving ... (i) 100 grams or more of ... heroin ... such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years...." 21 U.S.C. § 841(b)(1)(B). The government does not, however, question that under the Guidelines Garcia had a net offense level of twenty-four and a criminal history category of I, and that this produced a guideline

imprisonment range of fifty-one to sixty-three months under section Ch. 5, Part A of the Guidelines. Rather, the government contends that the court was required to impose the minimum five-year sentence called for by section 841(b)(1)(B), in lieu of the fifty-four-month sentence which it imposed and which was within the fifty-one-to sixty-three-month guideline range calculated under section Ch. 5, Part A of the Guidelines.

The government's contention is doubtless correct. We stated in *United States v. Stewart*, 879 F.2d 1268, 1272 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 256, 107 L.Ed.2d 205 (1989), that the Guidelines themselves, particularly section 5G1.1, contemplate that the guideline sentence will respect the statutory minimum, and that there was no general repeal of statutory minimum sentences. Similar statements appear in our opinion in *United States v. Roberson*, 872 F.2d 597, 606 & n. 7 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). *See also United States v. Sharp*, 883 F.2d 829, 831 (9th Cir.1989); *United States v. Donley*, 878 F.2d 735, 740–41 (3d Cir.1989); *United States v. Savage*, 863 F.2d 595, 600 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989).[1] Thus, it would appear that the district court erred by sentencing Garcia to only fifty-four months, when he should have been sentenced to at least sixty months.

That does not end the matter, however, because the government's contention in this respect is raised for the first time on appeal. Despite ample opportunity to raise this matter below and to express any dis-

satisfaction it might have with the sentence, the government did neither. Rather, the first time it gave any indication of dissatisfaction with what had transpired below was thirty days after the sentence was imposed when it filed its notice of appeal, thus vesting this Court with jurisdiction.

■ We have stated that issues raised for the first time on appeal "are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985). *See also Matter of Johnson*, 724 F.2d 1138, 1140 (5th Cir.1984). Here, it may be conceded that what is involved is purely a legal question. On the other hand, we are not convinced that the failure to consider it will result in manifest injustice. The government's claim is in essence that the sentence is ten percent shorter than it should have been, fifty-four months rather than sixty. If it were so important that Garcia receive a longer sentence, the government would surely have said something about it below, if indeed nothing more than to urge the district court to sentence at the top of the guideline range. But the government made no such contention below. There is no reason whatever for the government to have failed to call this matter to the district court's attention while that court still had the case under its jurisdiction or to then express its dissatisfaction with the sentence.

We do not minimize the necessity of all courts following the constitutional commands of Congress.[2] But we believe that in the long run such compliance will likely

1. We observe that the instant case does not involve any question of whether or under what circumstances it is appropriate or permissible to sentence below the statutory minimum under 18 U.S.C. § 3553(e) or section 5K1.1 of the Guidelines, implementing 28 U.S.C. § 994(n) (dealing with "a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense"). *See United States v. White*, 869 F.2d 822, 829 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). Here it is evident from the record that those provisions are not involved, and neither the district court nor

any of the parties, or the presentence report, consider or considered them to be involved.

2. We further observe that nothing in this record gives the slightest intimation that the district court was willfully departing from the statutory minimum or that the government was making any sort of an effort to see that Garcia got a lower sentence than that provided by law. It appears evident to us that the sentence in question was the product of a mutual oversight on the part of the district court and the government. Some mistakes are bound to occur in the application of the relatively new and complex sentencing provisions.

be enhanced by providing incentives to litigants, including the United States, to promptly call these commands to the attention of the courts at the earliest opportunity. That is indeed a premise of the almost universal and long-standing rule that claims of error may generally not be raised for the first time on appeal. Moreover, the proper administration of justice, particularly our now severely strained criminal justice system, will be unduly hampered by any rule or practice which allows sentences to be attacked on grounds raised for the first time on appeal in any but the most exceptional cases.

### Conclusion

The government has waived the sentence contention it raises on appeal, and thus this contention does not entitle it to relief as the failure to grant relief on that basis will not result in a manifest miscarriage of justice.

Accordingly, the judgment below is AFFIRMED.