**UNITED STATES of America, Appellant,**

v.

**Steven A. FILKER, Appellee.**

**No. 91–2889.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided Aug. 10, 1992.

Bonnie P. Ulrich, Sioux Falls, S.D., argued, for appellant.

Stephen R. Miller, Sioux Falls, S.D., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The Government appeals the district court's[1] imposition of sentence below the guideline range upon defendant Steven A. Filker. The Government, however, failed to raise this issue in the district court; therefore, we affirm.

Filker, a convicted felon, was arrested for possessing a sawed-off shotgun. The Government indicted Filker for (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(e) (1988), and (2) possessing an altered and unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871 (1988). Filker pled guilty to possessing an unregistered firearm in exchange for the Government's agreement to dismiss the felon-in-possession count. The PSR, which neither party disputed, recommended a base offense level of 18, and a two-level reduction for Filker's acceptance of responsibility. With a total offense level of 16, and a criminal history category IV, the PSR recommended a guideline sentencing range of 33–41 months imprisonment.

Although the district court accepted the PSR's findings, the district court decided that a base offense level of 12, under the guideline for 18 U.S.C. § 922, "would create a more appropriate offense level," resulting in a total offense level of 10, and a sentencing range of 15–21 months. The district court sentenced Filker to eighteen months imprisonment and three years supervised release.

The Government argues that the district court erred in sentencing Filker below the guideline range by applying the incorrect guideline. However, the Government made no objections to Filker's sentence at the sentencing hearing. Although Filker did not raise the issue of waiver in his brief, we asked the parties at oral argument to address whether waiver occurred. We did so because "the proper administration of justice, particularly our now severely strained criminal justice system, will be unduly hampered by any rule or practice which allows sentences to be attacked on grounds raised for the first time on appeal in any but the most exceptional cases." *United States v. Garcia–Pillado*, 898 F.2d 36, 40 (5th Cir.1990). *See generally United States v. Gimbel*, 782 F.2d 89, 91 n. 5 (7th Cir.1986) (stating in dicta that it is "beyond cavil" that the Court of Appeals may raise waiver *sua sponte*). A party must raise its claim of error with the district court so that, in case of an error, the district court may correct itself and save the need for our review. *See United States v. Prichett*, 898 F.2d 130, 131 (11th Cir.1990); *Garcia–Pillado*, 898 F.2d at 39–40. "[I]t is simply unfair to reverse a trial court on the basis of an issue that it has

---

**1.** The Honorable John B. Jones, United States District Judge for the District of South Dakota.

not had an opportunity to consider." *United States v. Thornberg,* 844 F.2d 573, 575 (8th Cir.), *cert. denied,* 487 U.S. 1240, 108 S.Ct. 2913, 101 L.Ed.2d 944 (1988). Our consideration of this issue fits within the "well established" rule that an appellate court can affirm a judgment on any grounds supported by the record, whether or not raised by the parties in the district court. *United States v. Wood,* 834 F.2d 1382, 1389 n. 4 (8th Cir.1987).[2]

The Government offers no valid excuse for its failure to object to Filker's sentence at any time prior to appeal. The Government contended at oral argument that the sentencing judge gave it no opportunity to object to Filker's sentence at the sentencing hearing. The record belies that contention. After Judge Jones pronounced Filker's sentence, he asked the parties on three separate occasions if there were "any other matters to be considered." The Government gave no response,[3] except to dismiss one of the charges against Filker to comply with the plea agreement.

■ This court will not reverse a district court on an issue that is raised for the first time on appeal unless a gross miscarriage of justice would otherwise result. *United States v. Ragan,* 952 F.2d 1049, 1049 (8th Cir.1992) (per curiam); *United States v. Houston,* 892 F.2d 696, 707 (8th Cir.1989). Filker will serve fifteen months in prison less than the minimum sentence he would have served had the district court adopted the Guideline range recommended by the probation office. Our colleagues in the Fifth Circuit ruled that a sentence below the statutory minimum length did not represent a miscarriage of justice. *See Garcia–Pillado,* 898 F.2d at 39–40. The potential violation here is not as serious as the violation affirmed in that case. Indeed, the possible mistake here was so minor that it

went unnoticed by the Government at the sentencing hearing. Filker's eighteen-month sentence does not constitute a gross miscarriage of justice. If this case were remanded, the district court might well impose the same sentence by making a downward departure from the guidelines for proper reasons. Accordingly, we affirm.

FAGG, Circuit Judge, dissenting.

I cannot join the court's decision bestowing a windfall sentence on an undeserving felon. By choosing to ignore an illegal sentence, the court has disregarded its obligation to carry out the sentencing guidelines as written. I thus dissent.

Steven A. Filker, a felon with earlier convictions for attempted murder, distribution of marijuana, and distribution of cocaine, threatened a man with a sawed-off shotgun. The Government charged Filker on several counts, and Filker pleaded guilty to possession of an altered and unregistered firearm in violation of 26 U.S.C. § 5861.

Filker did not object to the presentence report, which recommended a guidelines sentence between thirty-three and forty-one months imprisonment. Instead, at sentencing, Filker argued for a downward departure. The district court expressly found no factual basis supporting a downward departure and nothing indicating the recommended sentencing range "is bad [or] that some specific lower range is more appropriate to dispense." Given this finding, the district court could not "mak[e] a downward departure from the guidelines for proper reasons" as this court suggests. *Ante* at 242. Recognizing it had no basis to depart from the guidelines, the district court nevertheless proceeded to state, "The [c]ourt has examined the sentencing range, and it's the view of the [c]ourt that taking all matters into consideration, that a base

---

**2.** In *Lufkins v. Leapley,* 965 F.2d 1477 (8th Cir. 1992), a district court had granted habeas corpus relief to the petitioner due to a confrontation clause violation. This court reversed, holding that the confrontation clause violation was harmless error, although none of the parties had raised harmless error as an issue. *Id.* at 1481–82. If this court may *reverse* a district court on an issue not raised by the parties, *a fortiori* it may affirm on the basis of an unraised issue.

**3.** Moreover, under Fed.R.Crim.P. 35(c), the Government could have requested that within seven days the district court "correct a sentence that was imposed as a result of mathematical, technical, or other clear error," although doing so would not have been necessary for this appeal if an objection had been made at the sentencing hearing.

offense level of 12 under 18 U.S.C. [s]ection 922 would create a more appropriate sentence ... [resulting in a] sentence range of 15 to 21 months." Thus, notwithstanding the absence of any basis for a departure, the district court decided it would simply reduce Filker's sentence by sentencing Filker for the crime the Government agreed to dismiss rather than the one to which Filker had pleaded guilty.

I strongly disagree with the court's view that affirming Filker's illegal sentence is not a gross miscarriage of justice. *Ante* at 242. The district court's arbitrary and insupportable decision to sentence Filker under an inapplicable statute and guideline because the court deemed the resulting sentence "more appropriate" is an outright disregard of the law, and it flies in the face of guidelines' policy of ensuring rational and consistent sentencing decisions. In my view, "the district court committed plain error, resulting in a miscarriage of justice, by imposing a sentence in violation of law." *United States v. LeMay*, 952 F.2d 995, 998 (8th Cir.1991) (per curiam).

Allowing a repeat offender to serve a sentence one-half the length commanded by the guidelines—with no basis in the record to support a departure—violates the law requiring that defendants be sentenced according to the guidelines. 18 U.S.C. § 3553(b) (1988); *United States v. Anders*, 956 F.2d 907, 910 (9th Cir.1992) ("[a] court must sentence within the applicable guideline range unless valid grounds exist for departure"). Congress enacted the guidelines to achieve honesty, uniformity, and proportionality in sentencing decisions, with deviations from the guidelines to occur only in rare circumstances. U.S.S.G. Ch. 1 (introduction and general application principles). The district court, however, found no basis to depart from the recommended sentencing range; instead, the court simply disregarded the guidelines and sentenced Filker according to its own view of what was appropriate. In so doing, the district court frustrated the guidelines' central policy of ensuring similarly situated defendants receive consistent sentences regardless of individual judges' views on what is an appropriate punishment. The district court thus violated the law in sentencing Filker contrary to the recommended guidelines sentence.

Because affirming Filker's sentence allows a plain mistake of law to go uncorrected and gives tacit approval to the district court's actions, I would reverse and remand this case for resentencing in conformity with the law. Accordingly, I dissent.