9 F.3d 115
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Melvin STUCKEY, Appellant.
 No. 93-2779.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 2, 1993.
Filed: November 4, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Melvin Stuckey appeals the 226-month sentence imposed by the district court[1] after he pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 866, and one count of distributing cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 At sentencing, the parties agreed that Stuckey's base offense level of 34 was subject to a two-level enhancement pursuant to U.S.S.G. Sec. 2D1.1(b)(1), a three-level enhancement pursuant to U.S.S.G. Sec. 3B1.1(b), and a two-level reduction for acceptance of responsibility, resulting in a total offense level of 37. The parties also agreed that Stuckey's criminal history category was III, resulting in a Guidelines range of 262-327 months. The district court granted the government's motion for a downward departure under U.S.S.G. Sec. 5K1.1, and sentenced Stuckey to two concurrent 226-month terms of imprisonment, to be followed by two concurrent five-year terms of supervised release.
 
 
 3
 Stuckey now argues that the district court erred in finding that Stuckey was a manager or supervisor of a criminal activity that involved five or more participants, and in enhancing his base offense level pursuant to section 3B1.1(b).
 
 
 4
 We conclude that the district court should be affirmed because Stuckey failed to preserve the issue for appeal by failing to object at sentencing to the three-level enhancement, and he has failed to show that "a gross miscarriage of justice would otherwise result." United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (quoting United States v. Filker, 972 F.2d 240, 242 (8th Cir. 1992)). See also United States v. Lawrence, 918 F.2d 68, 71 (8th Cir. 1990) (objections to section 3B1.1(b) enhancement were not "properly preserved for appeal" because defendant did not object at sentencing), cert. denied, 499 U.S. 941 (1991).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri