# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2759

_____

United States of America,           *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    Eastern District of Arkansas.
Keith Thompson,                      *
                                     *
            Appellant.               *

_____

Submitted: January 12, 2005
    Filed: April 6, 2005 (Corrected: 04/12/05)

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Keith Thompson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Thompson to 46 months' imprisonment. Thompson filed the instant appeal arguing that his sentence is invalid under the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005); that the district court erred in failing to instruct the jury on a defense of justification; and that the district court erred by not suppressing evidence. We affirm.

_____

[1]The Honorable Stephen M. Reasoner, late a United States District Judge for the Eastern District of Arkansas.

On September 2, 2001, the Chicot County Sheriff's Department in Arkansas received an emergency call from Clifton Hampton. Hampton, a local nightclub owner, reported that Keith Thompson was firing an "AK-47" rifle in the parking lot. Thompson's car was parked in the lot and Hampton read and recorded Thompson's vehicle tag information. Hampton relayed that information to law enforcement who ran a check on the registration information.

The vehicle tag information reported by Hampton revealed that the vehicle was registered in Thompson's name, and listed an address of 625 Shepard Street, Dermott, Arkansas. Officers went to that address and contacted Thompson. Officers questioned Thompson about the shooting, but he denied having fired the weapon. Thompson told them that an individual from McGehee actually fired the weapon. At that point, officers asked Thompson if they could search his vehicle and he stated that "he didn't care." Thompson opened the vehicle upon the officer's request. The police found a Norinco SKS assault rifle in the car.[2] The rifle had a single round in the chamber and twenty-seven rounds in a clip. Meanwhile, at the nightclub parking lot, Deputy Sheriff Ron Nichols recovered two empty rounds of the same ammunition caliber and brand found in Thompson's vehicle. Thompson later gave a written statement and admitted to shooting the rifle.

Thompson gave a second statement after his indictment for being a felon in possession of a firearm. This time, Thompson claimed that his girlfriend, Latina Sanders, actually fired the rifle. Thompson claimed that he merely took the rifle from Sanders and put it in his trunk to stop her from firing it. Thompson elected a jury trial, and maintained that he only possessed the firearm for a fleeting moment to lock it in the trunk of his vehicle. Sanders testified for the defense and corroborated Thompson's claim that she fired the weapon in the nightclub parking lot. However,

---

[2]The federal purchase form for the rifle noted the purchaser to be Latina Sanders, Thompson's girlfriend and the mother of his child.

Hampton, the nightclub owner, testified that it was Thompson, not Sanders, that he saw fire the assault rifle. The jury found Thompson guilty.

A presentence report (PSR) was prepared by a United States Probation Officer. The uncontested guideline range for Thompson was set at between 41 and 51 months.[3] The district court imposed a sentence of 46 months' imprisonment. Thereafter, the United States Supreme Court handed down its decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Thompson filed a motion in connection with the *Blakely* decision and the district court issued an alternative sentence of 46 months' imprisonment should the United States Sentencing Guidelines be held unconstitutional. Thompson filed a timely notice of appeal. On the same day that this case was submitted to the court, the United States Supreme Court handed down its landmark decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

## I. *Application of Booker*

In *Booker*, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires that facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. Thompson's sentence was not altered by any enhancements and was initially calculated under the United States Sentencing Guidelines only as to his conviction for being a felon in possession of a firearm. As such, all the facts necessary to support Thompson's sentence were proved to a jury beyond a reasonable doubt.

In addition, the district court insulated Thompson's sentence by announcing an identical alternative sentence should the Guidelines be held completely unconstitutional. Some courts have ruled that an "alternative sentence" is appropriate

---

[3]There were no enhancements suggested by the PSR.

under the post-*Blakely* legal landscape. *See United States v. Dickerson*, 381 F.3d 251, 261 n. 9 (3d Cir. 2004) ("On resentencing, the District Court may wish to announce an appropriate alternative non-guideline sentence.") (citing *United States v. Leach*, 325 F. Supp.2d 557, 559 (E.D.Pa. 2004)); *see also United States v. Hammoud*, 381 F.3d 316 (4th Cir. 2004); *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004); *United States v. Booker*, 375 F.3d 508, 515 (7th Cir. 2004) ("as a matter of prudence, the judge should in any event select a nonguidelines alternative sentence."), *aff'd and remanded*, 125 S. Ct. 738. We have also approved the use of alternative sentencing in a similar area. *See, e.g., United States v. Warner*, 894 F.2d 957, 961 (8th Cir. 1990) (approving of alternative sentence at a time where courts had declared the Guidelines unconstitutional but were later overruled by the United States Supreme Court in *Mistretta v. United States*, 488 U.S. 361 (1989)). Nonetheless, we must still review Thompson's sentence under the mandates of *Booker.*

The district court erred in sentencing Thompson under the view that the Guidelines were mandatory, and erred in sentencing Thompson under the view that the Guidelines were completely unconstitutional. The Supreme Court explained that while the Guidelines are effectively advisory, district courts are required to consider the Guidelines' ranges, and permitted to tailor the sentence in accordance with the factors listed in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 757. Nonetheless, Justice Breyer warned appellate courts that "in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine." *Booker*, 125 S. Ct. at 769. The Federal Rules of Criminal Procedure require that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights [of the defendant] must be disregarded." Fed. R. Crim. P. 52(a). "[I]n most cases, [for an error to have affected substantial rights], it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). We find that the district court's announcement that it would sentence Thompson to 46 months'

imprisonment regardless of whether the Guidelines were mandatory renders any remand futile. *See United States v. Sayre*, No. 04-1330, slip op. (8th Cir. March 9, 2005) (Gruender, J., concurring). Accordingly, we hold that any error stemming from *Booker* was harmless.

*Booker* directs that we review Thompson's sentence for unreasonableness, judging it with regard to the factors in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 765–766. Having reviewed the record and the factors in § 3553(a), we conclude that Thompson's 46-month sentence is reasonable.

## II. *Justification Defense to Violations of 18 U.S.C. § 922(g)*

For his second point on appeal, Thompson contends that the jury should have been instructed on the affirmative defense of "justification" based on his theory that he only possessed the rifle long enough to take it away from his intoxicated girlfriend and safely secure it in the trunk of his automobile. Thompson never requested a "justification" or "innocent-possession" instruction at trial. Therefore, we are limited to review the failure to instruct for plain error. *United States v. Crenshaw*, 359 F.3d 977, 989 (8th Cir. 2004). "There is plain error if the omitted instructions should have been given and the error affected the defendant's 'substantial rights.'" *United States v. Pinque*, 234 F.3d 374, 378 (8th Cir. 2000).

Thompson points to *United States v. Panter,* 688 F.2d 268, 272 (5th Cir. 1982) (decision under prior law) where the Fifth Circuit held that "where a convicted felon, reacting out of a reasonable fear for the life or safety of himself, in the actual, physical course of a conflict that he did not provoke, takes temporary possession of a firearm for the purpose or in the course of defending himself, he is not guilty of [being a felon in possession of a firearm]." Likewise, the Eleventh Circuit has allowed the defense in extraordinary circumstances requiring the following elements to be proven: (1) that the defendant was under an unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not

negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *United States v. Rice*, 214 F.3d 1295, 1297 (11th Cir. 2000); *see also United States v. Lomax*, 87 F.3d 959, 961 (8th Cir. 1996) (giving the same elements for the justification defense in general).

We have not been so definitive in establishing the justification defense to prosecution under § 922(g). *See United States v. Blankenship*, 67 F.3d 673, 677 (8th Cir.1995) (laying out the elements of a justification defense but declining to determine whether the defense is available in § 922(g) cases); *see also United States v. Martin*, 62 F.3d 1009, 1011 (8th Cir. 1995) (noting the elements but declining to determine whether the defense is available); *United States v. Taylor*, 122 F.3d 685, 689 (8th Cir.1997) (refraining from deciding whether the justification defense will be recognized in the Eighth Circuit). In all those cases we explained that the justification defense, if available, should only be utilized in very limited circumstances. Because this circuit has not adopted the instruction that Thompson seeks, we cannot say that the district court committed plain error in not giving it.

## III. *Suppression*

Finally, Thompson "respectfully asks this Court [to] review his case to determine whether the prosecution met its burden of proving that a warrantless search was properly conducted." Thompson neither requested suppression of the evidence seized from his car, nor did he object to the admission of the evidence at trial, and, therefore, this claim is also reviewed for plain error. *United States v. Quam*, 367 F.3d 1006, 1008 (8th Cir. 2004).[4]

---

[4]We have previously noted that a failure to raise a suppression issue in a timely pretrial motion results in "waiver" of the matter under Fed. R. Crim. P. 12(f), but refused to decide whether the "waiver" prevented a plain error review. *United States v. Frazier*, 280 F.3d 835, 845 (8th Cir. 2002). We see no reason to decide this issue

In this case, when the officers asked Thompson if they could search his car, he consented by stating "I don't care" and then opening the door of his vehicle. A consensual search does not violate the Fourth Amendment if the consent was given voluntarily and without coercion. *United States v. Meza-Gonzalez*, 394 F.3d 587, 592 (8th Cir. 2005). Thompson has not shown his consent was involuntary or coerced. There was no violation of his Fourth Amendment rights.

For the foregoing reasons, we affirm Thompson's conviction and sentence.

_____

now as Thompson's point is meritless under any standard of review. *See id.*