# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3213

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Lathan Matrell Barnett, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 4, 2005
Filed: May 31, 2005(Corrected June 17, 2005)

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The government appeals from the sentence imposed upon Lathan Matrell Barnett by the district court. We reverse and remand for resentencing.

## I.

On October 8, 2002, Barnett fatally shot 17-year-old Shelley Gonnerman in an apartment in Sheldon, Iowa. Barnett immediately left the apartment,[1] but soon returned to retrieve the sawed-off shotgun that he had used to kill Gonnerman before

_____

[1]The apartment's occupant was Shane Meyer, who pleaded guilty to related charges brought in a separate federal indictment.

fleeing the scene once again. Barnett later returned to the apartment a second time and led police officers to the site where he had abandoned the shotgun, which had a partially obliterated serial number. The officers then searched the apartment, finding two additional sawed-off shotguns (including one with a completely obliterated serial number). A separate search of Barnett's apartment produced miscellaneous drug paraphernalia.

Barnett was subsequently convicted of involuntary manslaughter in Iowa state court in connection with Gonnerman's death and was sentenced to five years' imprisonment on September 2, 2003. Barnett was also indicted on federal charges, and he entered a guilty plea to four counts on May 13, 2004: (1) use or carrying of a short-barreled, shortened-length shotgun during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); (2) making two unregistered sawed-off shotguns, in violation of 26 U.S.C. §§ 5841, 5845, 5861(f), and 5871; (3) receipt and possession of two unregistered sawed-off shotguns, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871; and (4) receipt and possession of two sawed-off shotguns—shipped and transported in interstate commerce—while being an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

At sentencing on August 4, 2004, the district court initially held that the federal Sentencing Guidelines were unconstitutional, but concluded that it could use them as a guide if it chose to do so. The district court sentenced Barnett to the mandatory minimum sentence of 120 months on count 1, ordered that the sentence on count 1 be served concurrently with the Iowa state sentence, and awarded Barnett 11 months of credit to account for the time already served on the state sentence. The district court further sentenced Barnett to 36 months on each of counts 2, 3, and 4, to be served concurrently with each other and consecutive to the sentence on count 1.

## II.

## A.

The government first contends that the district court erred by setting Barnett's sentence on count 1 to run concurrently with the Iowa state sentence rather than consecutive to it. Contrary to Barnett's claim, the government did not waive this argument, because there is no indication that it intentionally relinquished or abandoned the argument in the district court. See United States v. Olano, 507 U.S. 725, 733 (1993) (defining waiver). Because the government failed to make its objection in the district court, however, we review for plain error. Fed. R. Crim. P. 52(b).

The availability of relief on plain error review is limited to situations in which there is an error that is plain and that "affect[s] substantial rights." Olano, 507 U.S. at 732 (modification in original). "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" Id. at 734. Even if these criteria are met, a court's power to grant relief is discretionary and should not be exercised unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (citations and internal quotations omitted) (modification in original).

The Supreme Court has held that "the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." United States v. Gonzales, 520 U.S. 1, 11 (1997). Thus, there can be no dispute that the district court clearly and plainly erred by setting Barnett's sentence on count 1—which was imposed pursuant to § 924(c)—to run concurrently with his state sentence.

In addition, such an error affected the substantial rights of the government and the people of the United States to have defendants sentenced in accordance with

governing law.  See United States v. Barajas-Nunez, 91 F.3d 826, 833 (6th Cir. 1996) (availability of plain error relief not limited to defendants).  See also United States v. Campos, 362 F.3d 1013, 1014 n.1 (8th Cir. 2004) ("It goes without saying that both the defendant and the people of the United States are entitled to equal justice."); United States v. Gordon, 291 F.3d 181, 193 (2d Cir. 2002); United States v. Clark, 274 F.3d 1325, 1329 (11th Cir. 2001); United States v. Perkins, 108 F.3d 512, 517 (4th Cir. 1997).  In a similar sentencing context, we have held that, to establish that a sentencing error affected his substantial rights, a defendant must show a reasonable probability, based on the appellate record as a whole, that he would have received a more favorable sentence but for the district court's error.  United States v. Pirani, No. 03-2871, slip op. at 11 (8th Cir. April 29, 2005) (en banc) (discussing Booker error). Because the government, rather than the defendant, claims error here, we ask whether the government can show a reasonable probability that, but for the district court's error, the court would have imposed a higher sentence.  The government meets that standard in this case because the district court was required to set Barnett's sentence on count 1 to run consecutively with the Iowa state sentence.

Given the occurrence of a plain error that affected substantial rights, it cannot be gainsaid that the error seriously affects the fairness, integrity, and public reputation of judicial proceedings.  The public reputation of criminal trials and of sentencing would certainly be undermined if we were to decline to correct a clear error of law that would result in Barnett's serving a sentence of five years less than that required by law.  Accordingly, we must vacate the sentence on count 1 and remand the case to the district court for the imposition of the sentence called for by § 924(c).

Our prior decisions in United States v. Filker, 972 F.2d 240 (8th Cir. 1992), United States v. Posters 'N' Things Ltd., 969 F.2d 652 (8th Cir. 1992), and United States v. Ragan, 952 F.2d 1049 (8th Cir. 1992), are not to the contrary.  In each case, we found that the sentencing error complained of by the government did not amount to a miscarriage of justice and therefore did not require correction on plain error

-4-

review.  Filker, 972 F.2d at 242; Posters 'N' Things, 969 F.2d at 663; Ragan, 952 F.2d at 1049-50.  As an initial matter, we question whether the miscarriage of justice standard utilized by these cases, which were decided prior to the Supreme Court's 1993 decision in Olano, can be squared with the four-prong analysis mandated by Olano—which specifically modified the previous miscarriage of justice standard for the exercise of a court's Fed. R. Crim. P. 52(b) discretion into the broader formulation embodied in Olano's fourth prong, see 507 U.S. at 736-37—and by our en banc decision in Pirani, see slip op. at 7-8.  Furthermore, the sentencing errors upheld in Filker and Posters 'N' Things (our decision in Ragan did not quantify the sentencing error complained of) pale in comparison to the five year disparity at issue here.  See Filker, 972 F.2d at 242 (15 months); Posters 'N' Things, 969 F.2d at 663 (12 months).  Thus, even utilizing a miscarriage of justice standard, the government would be entitled to relief.

**B.**

The government next claims that the district court erred by failing to utilize the federal Sentencing Guidelines in its calculation of Barnett's concurrent sentences on counts 2, 3, and 4.  Unlike its claim regarding count 1, the government preserved this argument below.

At the time that the district court determined that the federal Sentencing Guidelines were unconstitutional and thus need not be followed, our opinion in United States v. Mooney, No. 02-3388 (8th Cir. Jul. 23, 2004), had been issued but not yet vacated.  Accordingly, the district court correctly applied Mooney—which held that the federal Sentencing Guidelines were unconstitutional, see slip op. at 22-24—at Barnett's sentencing, and appears not to have considered the Guidelines at all when computing Barnett's sentences on counts 2, 3, and 4.  The district court did so, however, over the government's objection that the Guidelines were still fully

-5-

applicable.[2] The Supreme Court subsequently resolved the dispute in United States v. Booker, 125 S. Ct. 738 (2005), by holding that district courts, while no longer bound by the Guidelines, must consult them and take them into account when determining a defendant's sentence. Id. at 767. Therefore, the government's objection was valid only to the extent that it argued that the district court erred by failing to consider Barnett's Guidelines calculation in its sentencing decision.

Although it appears from the record that the district court failed to give regard to the Guidelines during sentencing, as now required by Booker, it remains to be decided whether that error requires reversal, for errors that do not affect substantial rights are harmless and must be disregarded on appellate review. Fed. R. Crim. P. 52(a). For purposes of harmless error review, the burden of proving that the district court's error did not affect substantial rights falls upon Barnett as the beneficiary of the error. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). Because the error is not of constitutional magnitude, Barnett must only establish that no "grave doubt" exists as to whether the district court's failure to at least consider the Guidelines influenced his ultimate sentences on counts 2, 3, and 4. Id. at 644-45.

The presentence report (PSR) in Barnett's case set his total offense level for each of counts 2, 3, and 4 at 25 and his criminal history category at III. These factors corresponded to a sentencing range of 70 to 87 months, within which the PSR recommended a 70-month sentence on each count. The government subsequently represented to the district court that it was not seeking one of the enhancements recommended by the PSR. This lowered Barnett's suggested Guidelines range to 57 to 71 months on each count. The district court, however, set Barnett's sentence for each count at 36 months, and the record does not reflect its reasons for doing so. We

---

[2]We note that although the government preserved its objection in the district court, it did so by arguing that the district court was free to ignore Mooney, which was binding precedent in the circuit at the time.

are thus left with a grave doubt, based upon the record before us, whether the district court would have sentenced Barnett differently on counts 2, 3, and 4 had it been aware of its duty to consult the Guidelines. <u>Haidley</u>, 400 F.3d at 645. Accordingly, we must remand. <u>Id.</u>

The judgment is reversed, and the case is remanded to the district court for resentencing in accordance with the views set forth in this opinion and the holding in <u>Booker</u>.

—————————————————