# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-3471

————————

United States of America,    *
    *
    Appellant,    *
    *    Appeal from the United States
    v.    *    District Court for the Northern
    *    District of Iowa.
Travis Eugene Kicklighter,    *
    *
    Appellee.    *

————————

Submitted: May 12, 2005
Filed: June 30, 2005

————————

Before MORRIS SHEPPARD ARNOLD, LAY, and BENTON, Circuit Judges.

————————

BENTON, Circuit Judge.

The United States appeals, arguing the district court[1] abused its discretion in determining the sentence of Travis Eugene Kicklighter. Jurisdiction being proper under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, this court affirms.

Kicklighter pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine. *See* **21 U.S.C. §§ 841(a)(1)**, **841(b)(1)(A)(viii)**,

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

**841(b)(1)(B)(viii)**, **846**. Under the United States Sentencing Guidelines, Kicklighter faced a sentencing range of 188 to 235 months. The district court found the guidelines unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The court sentenced Kicklighter to the statutory-minimum 120 months in prison, with an alternative 188-month guidelines sentence. While this appeal was pending, the Supreme Court held that district courts, while not bound by the guidelines, must consider and consult them when sentencing. *See **United States v. Booker***, 125 S. Ct. 738, 756-57, 767 (2005).

The government argues that the district court did not properly take into account the guidelines in imposing the 120-month sentence. *See **id.***; ***United States v. Barnett***, 2005 WL 1268831, at *3-4 (8th Cir. May 31, 2005); ***United States v. Mashek***, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005); ***United States v. Haack***, 403 F.3d 997, 1002-03 (8th Cir. 2005). It particularly invokes *Barnett*, where the district court "appears not to have considered the Guidelines at all . . . ." *See **Barnett***, 2005 WL 1268831, at *3.

The government cites the "Statement of Reasons" attachment to the Judgment in a Criminal Case, form AO 245B. On the first page of the statement, the court indicates the appropriate guidelines range. On the fourth and last page, under the heading "SUPPLEMENTAL STATEMENT OF REASONS," subheading "APPLICABILITY OF THE FEDERAL SENTENCING GUIDELINES," the court checks the box indicating: "The court did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence."

The checked box makes it appear that the district court did not apply the guidelines "at all," which happened in the *Barnett* case. Here, however, the sentencing transcript and judgment show that the district court did in fact consider and consult the guidelines range.

The court began the sentencing hearing:

-2-

THE COURT: . . . In this case if you challenge the constitutionality of the guidelines, I would give a sentence and then an alternative guideline sentence within the guideline range, and they would overlap. And it's largely due to your client's criminal history.

MR. FLANNERY: Excuse me?

THE COURT: I said it's largely due to your – he's got a horrible criminal history, and I'm not going to give the mandatory minimum to somebody with this kind of a criminal history. I'm also not going to give him life. I'm going to go with the guideline range. So in a sense it doesn't really make a whole lot of difference unless – and here's the one caveat – unless I was persuaded by your arguments or an allocution that 188 months is too severe a sentence. It's not that I have any need to give an overlapping sentence, and I often don't when I do alternative sentences. I'm just saying based on everything I read in the presentence report, 188-month sentence seems like a pretty adequate sentence in this case given a criminal history of 16 points.

The court next holds the sentencing guidelines unconstitutional under the *Blakely* rationale. Kicklighter calls his father to testify, then speaks on his own behalf. Both detail his last two years off drugs, holding a job, and supporting a family. The court then pronounces the sentence, stating its reasons for variance from the guidelines:

THE COURT: I was very impressed by what you had to say to me. I think in your own way you have a lot of insight into your problems, and I think you have made huge changes in your life, and I was very impressed by you father's testimony too.

Having declared the United States Sentencing Guidelines unconstitutional in this case, I can sentence you anywhere between the ten-year mandatory minimum which is the lowest I can go and the statutory maximum sentence which is life in prison.

I'm going to sentence you to the mandatory minimum sentence of 120 months in this case. I came out on the bench thinking I'd sentence you to the 188 bottom of the guideline range, but after hearing what you had to say and after hearing your father's testimony, I'm convinced that in the last two years – and you gotta start somewhere. But in the last

two years you've made a huge effort to turn your life around. It hasn't been easy, but you've showed a lot of persistence in doing it. You made enormous progress, more progress than I normally see.

I've now sent – you know, I've now sent over 1,600 people to prison in the 10 years I've been a United States District Court judge. And you hear a lot of baloney from people you sentence, and you don't always know who's telling you the truth and who isn't. I like to give everybody the benefit of the doubt. I was very impressed by what you had to say. I think you're a poster child for what drugs do to people. And you're off them, and you're turning your life around.

So I think based on all of the factors in Title 18, section 3553(e)(1) through (7), in the exercise of my discretion, a 120-month sentence is the appropriate sentence in this case.[2]

I am going to go ahead and make an alternative sentence under the United States Sentencing Guidelines. If the United States Sentencing Guidelines are constitutional, I would be looking at a guideline range of 188 to 235 months, and I would sentence you to the bottom of the guideline range of 188 months, but that's my alternative sentence because I've held the guidelines unconstitutional. So your actual sentence is a 120-month sentence.

In light of the sentencing transcript, as reflected in the judgment, this court holds that the district court considered and consulted the guidelines. *See **Booker***, 125 S. Ct. at 756-57, 767; **18 U.S.C. § 3553(a)(4)(A)**.

In its letter under Fed. R. App. P. 28(j), the government comments that the Statement of Reasons does not contain adequate written reasons for the imposition of the sentence outside the guidelines range. *See* **18 U.S.C. § 3553(c)(2)**; ***Mashek***, 406 F.3d at 1016 n.4. First, an appellant cannot raise arguments for the first time in a Rule 28(j) letter. *See **United States v. Huber***, 404 F.3d 1047, 1064 (8th Cir. 2005). In any event, a remand is not required if this court determines that the district court

---

[2]The transcript shows "section 3553(*e*)(1) through (7)."

made a detailed explanation, and that the sentence is not unreasonable. *See* **18 U.S.C. § 3742(f)(3)**.

This court reviews for unreasonableness, guided by the factors in 18 U.S.C. § 3553(a). ***Booker***, 125 S. Ct. at 765-66. *See also **United States v. Hadash***, 408 F.3d 1080, 1082 (8th Cir. 2005). This court reverses if the district court abused its discretion by imposing an unreasonable sentence. ***United States v. Yahnke***, 395 F.3d 823, 826 (8th Cir. 2005). "This examination includes whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance or guidelines departure is reasonable." ***Mashek***, 406 F.3d at 1017 (8th Cir. 2005).

The government objects that because there is no Sixth Amendment violation, and the guidelines range is 188 to 235 months, a sentence of 120 months – 36 percent less than the guidelines range – is unreasonable. It cites *Haack*, where this court stated that "reasonableness as a constraint on a district court's discretion to depart downward infers a limited range of choice." ***Haack***, 403 F.3d at 1004. The variance here is within that range of choice.

Consulting the guidelines, the district court considered a sentence at the bottom of the guidelines range (188 months). *See* **18 U.S.C. § 3553(a)(4)(A)**. After testimony by Kicklighter and his father, the court imposed a 120-month sentence. Based on the sentencing transcript and resulting judgment, this court is satisfied that 10 years in prison reflects "the nature and circumstances of the offense and the history and characteristics of the defendant," deters criminal conduct, protects the public, and considers the other factors in 18 U.S.C. § 3553(a). Kicklighter's 120-month sentence is not unreasonable.

The sentence is affirmed.

_____