# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3589

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Chris Bruce, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  May 10, 2005
Filed:  July 7, 2005

_____

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The government appeals from the sentence imposed upon Chris Bruce by the district court.  We reverse and remand for resentencing.

Bruce pleaded guilty to one count of possession with intent to distribute methamphetamine, after having previously been convicted of two felony drug offenses, in violation of 21 U.S.C. §§ 841 and 851.  In his plea agreement with the government, Bruce stipulated to the fact that he had possessed at least 9.4 grams of methamphetamine with intent to distribute and that he had previously been convicted of two felony drug offenses in Iowa state court.  Government Add. at 13-14.  In

addition, he stipulated that the career offender provision of the federal sentencing guidelines, see United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1 (2003), applied to his case, mandating an offense level of 34 and a criminal history category of VI.  Government Add. at 9.

Bruce's Presentence Investigation Report (PSR) similarly recommended that the career offender guideline be applied.  PSR at ¶ 24.  The PSR also noted that the government planned to move for a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, and recommended reducing Bruce's offense level accordingly.  PSR at ¶¶ 25-28.  The PSR thus set Bruce's presumptive guidelines sentencing range at between 188 and 235 months' imprisonment.  Id. at ¶ 65.

At sentencing, the district court—over the government's objection—*sua sponte* held that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), rendered the federal sentencing guidelines facially unconstitutional and therefore that it could disregard the guidelines and sentence Bruce to any term within the statutory range applicable to his offense.  Sent. Tr. at 2-3, 8-9.  The district court then sentenced Bruce to 96 months' imprisonment.  Id. at 9.  In the event that the guidelines were eventually declared constitutional or that the district court's decision that the guidelines were facially unconstitutional as applied to Bruce's case was otherwise found to be in error, the district court imposed an alternative guidelines sentence of 188 months' imprisonment.  Id. at 8.

Given the Supreme Court's subsequent decision in United States v. Booker, 125 S. Ct. 738 (2005), it is clear that the district court erred by not consulting the guidelines and taking them into account during Bruce's sentencing.  See id. at 767; United States v. Barnett, No. 04-3213, slip op. at 5-6 (8th Cir. May 31, 2005).  Even though the government timely objected, however, we need not correct the error if it did not affect substantial rights and thus was harmless.  Fed. R. Crim. P. 52(a).  The

burden of proving that the district court's error was harmless falls upon Bruce as the beneficiary of the error. Barnett, slip op. at 6 (citing United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005)). Because the district court's error was admittedly not of constitutional magnitude, Bruce must establish harmless error by showing that "no 'grave doubt' exists as to whether the district court's failure to at least consider the Guidelines" influenced the 96-month sentence. Id. See also Haidley, 400 F.3d at 644-45.

On the record before us, such a grave doubt is present. The district court imposed Bruce's 96-month sentence by completely disregarding the guidelines. Its alternative sentence, however, indicates that Bruce's imposed sentence could have been higher had the district court been aware of its responsibility to at least consult the guidelines during sentencing. Accordingly, the district court's error was not harmless, and we must vacate the 96-month sentence.

Although the district court did set an alternative sentence of 188 months' imprisonment, we are hesitant to direct its imposition on remand. Unlike recent cases in which we have discussed a district court's selection of alternative sentences, Bruce's alternative sentence differs substantially from that actually imposed by the district court. See United States v. Thompson, 403 F.3d 533, 535 (8th Cir. 2005) (imposed and alternative sentences identical); United States v. Marcussen, 403 F.3d 982, 985 (8th Cir. 2005) (same). Furthermore, we note that the district court's alternative sentence was also erroneous, inasmuch as it was determined under a mandatory guidelines regime. See Thompson, 403 F.3d at 535. Given these circumstances, as well as the fact that it is the government, rather than Bruce, that is the appellant in this case, we believe that both parties should be afforded an opportunity to argue the appropriate sentence under the proper standard on remand. See Booker, 125 S. Ct. at 764-65 (holding that district courts must sentence in accordance with 18 U.S.C. § 3553(a)).

The judgment is reversed, and the case is remanded to the district court for resentencing in accordance with the holding in <u>Booker</u>.

_____