# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3122

_____

United States of America,          *
                                     *

          Appellee,        *    Appeal from the United States
                                 *    District Court for the Western

   v.                         *    District of Missouri.
                                 *

Hassan A. Grace,             *       [UNPUBLISHED]
                                 *

          Appellant.      *

_____

Submitted: April 7, 2005
Filed: July 13, 2005

_____

Before MORRIS SHEPARD ARNOLD, FAGG, SMITH, Circuit Judges.

_____

PER CURIAM.

Hassan A. Grace pleaded guilty to being a felon in possession of a firearm. Invoking <u>Blakely v. Washington</u>, 123 S. Ct. 2531 (2004), Grace objected to the presentence report's recommendation of a four-level increase for using the firearm in connection with another felony offense. <u>See</u> U.S.S.G. § 2K2.1(b)(5). The district court[*] rejected Grace's objection, imposed the four-level increase, and sentenced Grace to the statutory maximum sentence of 120 months under the mandatory guidelines scheme. Anticipating the Supreme Court's impending decision in <u>United</u>

_____

[*]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

States v. Booker, 125 S. Ct. 738 (2005), the district court also took the precaution of imposing an alternative 120-month sentence assuming the guidelines were unconstitutional.  Grace appeals his sentence, and we affirm.

Relying on the issue preserved below, Grace contends the district court violated his Sixth Amendment rights by enhancing his sentence based on facts not proven to a jury beyond a reasonable doubt.  We disagree.  The factual allegations contained in the presentence report show Grace was gambling when a dispute over the money erupted.  Grace then pulled out a firearm, fired several shots at one of the gamesters as he fled the scene, and pistol-whipped two others when they tried to calm the situation.  Grace does not contend in this appeal that the facts recited in the presentence report do not support the four-level enhancement, and having failed to object to the factual allegations, Grace has admitted the facts supporting the enhancement for the purposes of the Supreme Court's decision in Booker.  See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005).  Thus, the sentence did not violate Grace's Sixth Amendment rights.

Grace also claims the district court imposed an unlawful alternative sentence because the "[s]entencing [g]uidelines have been held to be constitutional in a long line of cases."  Booker invalidated the guidelines to the extent they were applied in a mandatory manner, 125 S. Ct. at 764, however, and held that although district courts are no longer bound to apply them, they must be consulted and taken into account when sentencing, id. at 767.  Thus, the district court committed Booker error by sentencing Grace under the theory the guidelines were completely unconstitutional.  Nevertheless, we need not remand for resentencing because the error was harmless.  United States v. Thompson, 403 F.3d 533, 535 (8th Cir. 2005).  "[I]n cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine", Booker, 125 S. Ct. at 769, and "any error . . . that does not affect substantial rights [of the defendant] must be

disregarded," Fed. R. Crim. P. 52(a). "[I]n most cases [this] means [the error] must have affected the outcome of the district court proceeding." United States v. Olano, 507 U.S. 725, 734 (1993). Here, there is no grave doubt that the district court's failure to consider the guidelines affected Grace's ultimate sentence. United States v. Barnett, No. 04-3213, 2005 WL 1268831, at *3 (8th Cir. May 31, 2005). The district court rebuffed defense counsel's request for a sentence "at the lower end of the guidelines of 77," imposed a 120-month sentence under mandatory guidelines, and then announced it would sentence Grace to the 120-month statutory maximum sentence regardless of whether the guidelines were mandatory. Given this record, we have no grave doubt that the district court would have imposed the same sentence under an advisory guidelines system. See id. at *4.

Finally, having reviewed Grace's sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a), we conclude the district court's sentence reasonably reflects the seriousness of the criminal conduct in this case.

We affirm Grace's sentence.

_____