# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3153

_____

United States of America,

Plaintiff - Appellant,

v.

Jay M. Choate,

Defendant - Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\*
\*

_____

Submitted: March 17, 2005
Filed: September 27, 2005

_____

Before WOLLMAN, JOHN R. GIBSON, and COLLOTON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

The United States appeals from the sentence imposed upon Jay M. Choate. Choate pleaded guilty to a charge of conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. In the plea agreement, the parties agreed to the quantity of methamphetamine attributable to Choate, which subjected him to a base offense level of thirty-two under the United States Sentencing Guidelines Manual § 2D1.1. The parties also stipulated to a two-level firearm enhancement and a three-level downward adjustment for acceptance of responsibility, making his adjusted offense level thirty-one. With a criminal history category of I, the resulting sentencing range under the Guidelines was 108 to 135

months.  The district court accepted Choate's plea, and on August 6, 2004, sentenced Choate to sixty-six months, forty-two months below the low end of the applicable Guideline range.  We reverse and remand for resentencing.

In setting Choate's sentence, the district court, based on the decision of a panel of this court in United States v. Mooney, No. 02-3388, 2004 WL 1636960 (8th Cir. July 23, 2004), considered the Sentencing Guidelines to be unconstitutional.  The court thus conducted its own analysis of the information in Choate's presentence investigation report and sentenced him to sixty-six months of incarceration and a five-year term of supervised release.  This court en banc vacated Mooney the same day that Choate was sentenced, and thereafter the United States filed a motion to correct Choate's sentence.  The district court denied that motion and re-entered its sentence of sixty-six months on August 17, 2004.

The United States appealed this decision, arguing that even after Blakely v. Washington, 124 S. Ct. 2531 (2004), Choate should have been sentenced within the applicable range set by the Guidelines.  The Supreme Court held in Blakely that when a defendant pleads guilty, the government is free to seek judicial sentence enhancements if the defendant stipulates to the relevant facts, which is what happened in this case.  Blakely, 124 S. Ct. at 2541.

Since the briefing was completed on November 15, 2004, the landscape for sentencing in the federal courts has changed dramatically with the issuance of the opinion of the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005), on January 12, 2005.   While the Booker opinion holds that the Sentencing Guidelines are no longer mandatory, the Supreme Court stated that federal courts still must consult the Guidelines when determining sentences.  Booker, 125 S. Ct. at 765-67. Consequently, the district court erred by not consulting the Guidelines and taking them into account during Choate's sentencing hearing, even though the court was

proceeding under the understanding, correct at the time, that the Guidelines were unconstitutional in this circuit.

Although the United States timely objected, the district court's error does not require reversal if it did not affect substantial rights and was therefore harmless. Fed. R. Crim. P. 52(a). The burden of proving that the district court's error was harmless falls on Choate as the beneficiary of the error. The error is not of constitutional magnitude, as it does not implicate the Sixth Amendment as described in Booker. See United States v. Storer, 413 F.3d 918 (8th Cir. 2005). As a result, Choate must establish that "no 'grave doubt' exists as to whether the district court's failure to at least consider the Guidelines" substantially influenced his sixty-six month sentence. United States v. Barnett, 410 F.3d 1048, 1052 (8th Cir. 2005). In light of the fact that Choate's sentence was forty-two months below the suggested Guidelines range, grave doubt does exist as to whether the district court would have sentenced Choate differently had it been aware of its duty to consult the Guidelines.

We are satisfied that, had the district court had the teaching of Booker before it, the sentencing would have been conducted in accord with it. Choate's sentence should be reversed and the case remanded to the district court for further sentencing in accordance with Booker and such other cases issued by this court as may be appropriate.

_____