# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4076

_____

United States of America,        *
                                   *

         Appellee,        *

                               *   Appeal from the United States
     v.                  *   District Court for the Western
                               *   District of Arkansas.

Ronald Lee Webb,           *

                               *      [UNPUBLISHED]
         Appellant.     *

_____

Submitted:  November 14, 2005
Filed:  December 30, 2005

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Ronald Lee Webb (Webb) appeals the sentence imposed by the district court[1] following his plea of guilty to one count of knowingly, willfully, and unlawfully possessing stolen United States Postal Mail in violation of 18 U.S.C. § 1708. We affirm.

Webb's sentencing occurred after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but before the Supreme Court's decision in United

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). At sentencing, Webb argued the Guidelines were unconstitutional in light of Blakely, therefore preserving an appeal of his sentence under Booker. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Regarding any alleged Blakely error, when Webb stipulated to the testimony of the government's witnesses, Webb effectively admitted the facts underlying the district court's four-level "number of victims" enhancement for committing an offense involving fifty or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(B). Webb previously confessed to law enforcement in a videotaped interview he had stolen mail from approximately 200 mailboxes. The district court could and did accept the stipulated government witnesses' testimony as true. Consequently, the district court's enhancement of Webb's sentence did not violate the Sixth Amendment. See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005).

Nonetheless, a Booker error occurred because the district court sentenced Webb to 24 months' imprisonment using the mandatory, pre-Booker Guidelines. Thus, we must decide whether to remand for resentencing. While it was error to sentence under the mandatory Guidelines regime, the government has shown the error was harmless because the district court expressly declared it would impose the same sentence under an advisory scheme. See United States v. Thompson, 403 F.3d 533, 536 (8th Cir. 2005). Booker also requires us to review Webb's sentence for unreasonableness, judging it with regard to the factors in 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 765-66; Thompson, 403 F.3d at 536. Having reviewed the record and the section 3553(a) factors, we conclude Webb's sentence is reasonable.

For the foregoing reasons, we affirm Webb's sentence.

_____