946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karl Anthony HUNT, Defendant-Appellant.
 No. 89-5580.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1991.
Decided Oct. 7, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-88-177-C)
 James Douglas Hill, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Charlotte, N.C., Deborah Watson, Department of Justice, Washington, D.C., for appellee.
 W.D.N.C.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before SPROUSE and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Karl Anthony Hunt, a federal prisoner, was charged in a multiplecount indictment with conspiracy to violate 21 U.S.C. § 841(a)(1) (count I), possession with intent to distribute more than 500 grams of cocaine (count II), distribution of more than 500 grams of cocaine (count III), and carrying a firearm during the commission of a drug offense (count V). Hunt was convicted after a jury trial of all four offenses. Hunt was sentenced to 97 months imprisonment, the top of the range determined by the probation officer in the presentence report, and ten years of supervised release. Hunt was also fined $10,000 and a special assessment of $50 was imposed for each count. Hunt noticed a timely appeal.
 
 
 2
 Hunt's attorney filed a brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967). Though Hunt received several extensions of time within which to file a supplemental brief, no supplemental brief has been received. Counsel argued a single issue, whether hearsay evidence was improperly admitted against Hunt at trial. Assuming that the evidence in question was hearsay, we conclude that any possible error in its admission was harmless. Though he failed to file a supplemental brief, Hunt indicated in several motions before this Court that he wished to challenge one of the jury instructions and that he wanted to argue a claim of ineffective assistance of counsel. Our review of the jury instructions reveals no error. Hunt's claim of ineffective assistance cannot be disposed of on direct appeal and should be brought in a motion pursuant to 28 U.S.C. § 2255. Though we conclude that the claims raised by Hunt and his counsel are meritless, we are required by Anders to engage in an independent review of the record for error. In light of this review, we conclude that the district court did err in several respects.
 
 
 3
 The district court erred when it upheld the jury verdict and entered a judgment of conviction on all counts. We have held that where a person is charged with possession with intent to distribute a controlled substance and distribution of that substance, these charges merge upon conviction into a single offense where "there is no evidence of possession with intent to distribute ... apart from evidence of the actual transfer of the substance pursuant to a sale." United States v. Curry, 512 F.2d 1299, 1305-06 (4th Cir.), cert. denied, 423 U.S. 832 (1975); United States v. Atkinson, 512 F.2d 1235, 1240 (4th Cir.1975). Here, Hunt was charged with possession with intent to distribute and distribution of cocaine as a result of his involvement in the sale of approximately one kilogram of cocaine to an undercover agent on October 28, 1988. Since the evidence of that sale was the only evidence relied on by the government to prove intent to distribute, the district court should have merged the charges contained in counts II and III of the indictment into a single conviction. See Curry, 512 F.2d at 1306.
 
 
 4
 Since, however, the offenses were grouped for sentencing purposes under U.S.S.G. § 3D1.2(d), a remand for resentencing is not required. Vacation of one of the convictions will not affect Hunt's sentence. Inasmuch as separate convictions under 21 U.S.C. § 841(a)(1) carry potential collateral consequences, however, the convictions themselves constitute impermissible punishment. Ball v. United States, 470 U.S. 856, 864-65 (1985). Consequently this case must be remanded to the district court so that one of the two convictions under § 841(a)(1) can be vacated. The $50 special assessment imposed pursuant to that conviction must also be vacated. Accordingly, Hunt's conviction on counts I and V is affirmed, and the case is remanded so that the conviction on either count II or count III can be vacated.
 
 
 5
 The district court also erred in sentencing Hunt to a period of supervised release of ten years. Hunt was charged and convicted for distribution of more than 500 grams of cocaine; the evidence at trial indicated that he distributed just under 1,000 grams. In light of the weight of drugs involved the applicable penalties are determined by 21 U.S.C. § 841(b)(1)(B). Under this statute, in light of Hunt's one prior felony narcotics conviction, the court was required to impose a mandatory period of supervised release of a minimum of eight years.[1] Where a statute imposes a mandatory minimum term of supervised release which is longer than that called for by the guidelines, the court must impose the minimum period under the statute. U.S.S.G. § 5D1.2(a) ("[i]f a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater") (emphasis added). Accordingly, we vacate the ten year supervised release term and remand for imposition of an eight year term of supervised release.
 
 
 6
 In conclusion, we find that the issues raised by Hunt and his counsel are without merit. In accordance with the requirements of Anders we have reviewed the record and find two issues which require correction. The case is accordingly remanded to the district court so that these corrections can be made.
 
 
 7
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Therefore, counsel's motion to withdraw from further representation is denied. Hunt's motion for appointment of new counsel is likewise denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 This statute also required the court to impose a mandatory minimum term of imprisonment of ten years. The court did not take this into consideration, and instead sentenced Hunt to the top of the guideline range which would have applied absent the statute. This was error. U.S.S.G. § 5G1.1(b). However, since the government has not appealed the sentence, and since a remand for resentencing is not required, we do not address this problem. See United States v. Garcia-Pillado, 898 F.2d 36 (5th Cir.1990)
 In addition, Hunt was convicted under 18 U.S.C. 924(c)(1). This statute requires the imposition of a mandatory five year sentence consecutive to any other sentence. This count was improperly grouped with the other counts of conviction for sentencing purposes, and the court failed to impose the required mandatory, consecutive sentence. Again, because of the government's failure to raise the error both before this Court and the district court we do not address this oversight.