**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50430
Summary Calendar

DARCY WALKER,

Plaintiff - Appellant

v.

JOHN E. POTTER, United States Postmaster General,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-342

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darcy Walker appeals the district court's dismissal of her employment discrimination complaint, arguing that the court erred in finding her complaint untimely. We AFFIRM.

The United States Postal Service terminated Walker's employment on June 27, 2006. Walker initiated EEO counseling for alleged disability discrimination and retaliation for filing a prior EEOC complaint. The Postal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Service mailed Walker a "Notice of Right to File Individual Complaint," which indicated that she had fifteen days to file a complaint. The Postal Service claimed that she received this notice on September 18, 2006, and Walker claimed she received the notice on September 23, 2006. Walker mailed her EEOC complaint to the Postal Service on October 6, 2006. The Postal Service dismissed her complaint as not timely filed. By its calculation, the deadline was October 4, fifteen days from September 18. Walker appealed to the EEOC, which found her complaint timely filed but did not find discrimination or retaliation. Walker received a right-to-sue letter and subsequently filed suit in district court.

The district court expressed uncertainty over whether the Postal Service's motion should be addressed under Rule 12(b)(1) as a motion to dismiss for lack of subject matter jurisdiction or Rule 56(c) as a motion for summary judgment. Ultimately, the district court dismissed under Rule 12(b)(1).

As this court has noted, despite some conflict over whether exhaustion requirements are jurisdictional, the law is settled that EEOC and EEO filing deadlines are not jurisdictional. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385 (1982)). By not being jurisdictional, these deadlines are subject to waiver, estoppel, and equitable tolling. *Zipes*, 455 U.S. at 393.

We conclude the motion should have been treated as one for summary judgment and not one to dismiss for lack of subject matter jurisdiction.

The mislabeling of the procedure did not affect the result. The district court stated that it would have also granted a Rule 56(c) motion for summary judgment if deciding under that procedure. Further, the district court found the complaint untimely filed and the tolling arguments without merit. We agree with all those conclusions.

The district court properly found that the complaint was untimely. Walker has presented no evidence supporting her contention that she received the notice

on September 23, 2006. Further, the Postal Service has presented credible evidence that the notice was delivered on September 18, 2006, in the form of a tracking printout confirming delivery at Walker's zip code with an item number matching that on the Postal Service's delivery confirmation receipt, which contains Walker's address. Though the EEOC did not find this evidence to support with sufficient clarity the fact of a late filing, we do.

The district court also correctly concluded that the equitable tolling argument was meritless. Walker had the burden of proving equitable tolling, and she failed to show that any of the justifications for equitable tolling applied. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). Even if true, none of her assertions about good-faith compliance with the administrative procedures related to her failure to file within fifteen days of receiving her notice of a right to sue.

For the first time on appeal, Walker argues that the Postal Service waived the arguments about untimely filing. We do not generally review issues raised for the first time on appeal. *United States v. Garcia-Pillado*, 898 F.2d 36, 39 (5th Cir. 1990). The timeliness of filing was fully explored by the district court, and we will not entertain this new argument concerning waiver.

Walker has failed to show that she timely filed her EEOC complaint, and her tolling arguments are without merit.

The judgment of the district court is AFFIRMED.