# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2010

Charles R. Fulbruge III
Clerk

No. 09-60787
Summary Calendar

TANYA DENISE STEWART,

Plaintiff–Appellant,

v.

JOHNNIE MAE PERRY; JACKSON COUNTY MISSISSIPPI; SINGING RIVER HOSPITAL SYSTEMS; SINGING RIVER HOSPITAL; OCEAN SPRINGS HOSPITAL; JOSEPH P VICE, MD; GREGORY HORN, MD; OCEAN SPRINGS POLICE DEPARTMENT; DEPARTMENT OF HEALTH AND HUMAN SERVICES, Jackson County; HARRISON COUNTY MISSISSIPPI; DEPARTMENT OF HEALTH AND HUMAN SERVICES, Harrison County; FAMILY AND CHILDREN SERVICES; DEANNA CHASE; LANA M HODA; BILOXI POLICE DEPARTMENT; HARRISON COUNTY YOUTH COURT, MISSISSIPPI; FAMILY COURT, YOUTH COURT OF HARRISON COUNTY MISSISSIPPI; MICHAEL H WARD, Youth Court Judge; HERBERT WILSON, Youth Court Prosecutor; ANGELIQUE WHITE, Guardian Ad Litem,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1270

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this appeal, Tanya Denise Stewart acting pro se challenges the district court's dismissal of her § 1983 action against numerous defendants for the allegedly illegal removal of her child from her custody.

Stewart complained to the district court that she had been illegally deprived of the custody of her child, Brendon Francis Perry, shortly after Brendon's birth in 2006. The record establishes that Brendon was given a blood test after his birth and that the blood test showed traces of cocaine in his system. Dr. Gregory Horn reported the test results to the Harrison County Department of Human Services, which removed the child from Stewart's custody. Four days later, Youth Court Judge Michael H. Ward conducted a shelter hearing and found that removal was in the best interest of the child. Accordingly, he ordered the Department of Human Services to take temporary custody of Brendon and to secure appropriate placement for him. The Department of Human Services subsequently placed Brendon with Stewart's mother, where he has remained since. Stewart's complaint alleged that these actions violated her due process rights. The district court dismissed Stewart's complaints against some defendants pursuant to Rule 12(b)(6) motions to dismiss. The district court granted summary judgment to the defendants on the remainder of the claims. This appeal followed.

"We review a Rule 12(b)(6) dismissal de novo, accepting all well-pleaded facts as true and reviewed in the light most favorable to the plaintiff."[1] We review a district court's grant of summary judgment de novo.[2]

The Fourteenth Amendment protects parents's liberty interest "in the care, custody and control of their children."[3] Government officials may neither

---

[1] *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010).

[2] *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

[3] *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

permanently terminate parental rights,[4] nor temporarily remove children from their parents,[5] without affording the parents due process of law. Government officials may, however, seize a child from his parents without a court order if exigent circumstances exist.[6]

Stewart argues that the removal of her child from her custody violated her due process rights. Her argument is without merit. The record fully supports the district court's finding that exigent circumstances existed to justify the Department of Human Services's initial seizure of her child. After the initial seizure, Stewart was granted a hearing before a judge, who found that removal was in the best interest of the child. Stewart points to no evidence to support her assertion that the government's actions were based on lies or malicious intent. Therefore, the district court correctly found that the defendants' actions did not violate Stewart's due process rights.

Stewart also argues on appeal that she was denied access to her medical records in violation of the Health Insurance Portability and Accountability Act. This issue is raised for the first time on appeal, and thus we will not entertain it here.[7]

\* \* \*

The judgment is AFFIRMED.

---

[4] *Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982).

[5] *Morris v. Dearborne*, 181 F.3d 657, 669-72 (5th Cir. 1999).

[6] *Gates v. Tex. Dep't of Protective and Reg. Servs.*, 537 F.3d 404, 429 (5th Cir. 2008).

[7] *See United States v. Garcia-Pillado*, 898 F.2d 36, 39 (5th Cir. 1990).