**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-30295**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**DAVID HAMPTON, also known as Eastwood,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Eastern District of Louisiana

September 20, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]


## BACKGROUND

Following a guilty plea, David Hampton was convicted of conspiracy to possess with intent to distribute crack cocaine and of being a felon in possession of a firearm. A presentence report (PSR) was prepared which calculated Hampton's criminal history level and relevant sentencing range based on several previous

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

convictions, including a juvenile adjudication. Hampton objected to the PSR's calculations. The district court overruled Hampton's objections before adopting the PSR's factual findings. Hampton did not file a direct appeal.

Instead, Hampton filed a 28 U.S.C. § 2255 motion alleging (1) that unconstitutional disparity exists between his sentence for an offense involving crack cocaine and sentences for offenses involving powder cocaine, (2) that he was denied effective assistance of counsel because his trial counsel failed to research his criminal history and failed to object to the inclusion of Hampton's juvenile offense in the calculation of his sentencing range, and (3) that the sentencing guidelines were improperly applied to include his prior juvenile adjudication in his criminal-history-category calculation. The district court denied the motion, concluding that Hampton "failed to raise these claims on direct appeal" and "failed to meet the heavy burden placed on habeas petitioners to show cause and prejudice for issues not raised on direct appeal." Hampton timely appealed.

## OPINION

On appeal, Hampton reiterates the same substantive arguments supporting his underlying motion and submits the same brief without citing any specific alleged error committed by the district court in denying his motion. This Court applies two principles in trying to make sense of an inarticulate pro se brief. First, the brief must be liberally construed. The court holds the pro se litigant to a lower standard of argument than that to which attorneys are

2

held.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  Second, the <u>pro</u> <u>se</u> appellant must actually argue something that is susceptible to liberal construction.  **Grant v. Cuellar**, 59 F.3d 523, 524-25 (5th Cir. 1995); **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a).

Grant and **Yohey** provide guidance on how to apply **Haines**. Taken together, these three cases mean that, when a <u>pro</u> <u>se</u> appellant tries inartfully to identify a legal error, this Court analyzes the purported error with the same consideration due a competently briefed argument made by an attorney.  The <u>pro</u> <u>se</u> appellant, however, must provide some semblance of an argument for the court to consider. <u>See</u> **Grant**, 59 F.3d at 524.  Accordingly, we address the assertions in Hampton's brief that can fairly be said to be attempts at explaining that the district court erred in handling the case.  Given liberal construction, Hampton argues that the district court erred in denying his § 2255 motion based on its conclusion that he failed to show cause and prejudice for his failure to raise on direct appeal his claims of unconstitutional sentencing disparity, ineffective assistance of counsel, and improper application of the sentencing guidelines.

In reviewing the denial of a § 2255 motion, this Court reviews the district court's findings of fact for clear error.  Questions of law are reviewed <u>de</u> <u>novo</u>.  **United States v. Gipson**, 985 F.2d 212, 214 (5th Cir. 1993).

**Sentence Disparity**

Generally, a movant cannot raise a constitutional or jurisdictional issue for the first time in a § 2255 motion unless he shows cause for his failure to raise it on direct appeal and prejudice resulting from the asserted error, or that a miscarriage of justice will occur if it is not considered. **United States v. Segler**, 37 F.3d 1131, 1134 (5th Cir. 1994); **United States v. Shaid**, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), <u>cert. denied</u>, 502 U.S. 1076 (1992). Constitutionally ineffective assistance of counsel, in the form of failure to raise issues on appeal, can operate as cause for procedural default. **Murray v. Carrier**, 477 U.S. 478, 488-92 (1986). A petitioner who fails to show cause and prejudice may pursue his claims in a § 2255 motion if he can show that he was actually innocent of the offense of conviction. **Shaid**, 937 F.2d at 232 n.7.

Hampton does not allege cause and prejudice for his failure to raise the powder cocaine/crack disparity issue in a direct appeal. Hampton does not allege that his counsel was ineffective for failing to raise the disparity issue on direct appeal, nor does Hampton allege that he was actually innocent of the crime of conviction; therefore, these issues do not serve as basis for "cause" for his failure to raise the disparity issue on direct appeal.

Although Hampton asserted a violation of his right to due process caused by the sentencing disparity, the district court incorrectly viewed Hampton's argument as only asserting non-

4

constitutional application of the sentencing guidelines as to this issue. However, the district court correctly assessed that Hampton failed to show cause or prejudice for his failure to raise the issue on direct appeal. We affirm the district court's denial of the § 2255 motion as it relates to the claim of unconstitutional sentencing.

**Ineffective Assistance of Counsel**

The district court denied relief on the ineffective assistance of counsel issue, concluding that Hampton failed to raise the issue on direct appeal and failed to meet the burden of showing cause and prejudice for his failure to raise the issue on direct appeal. This conclusion is in error.

"[A] claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." **United States v. Higdon**, 832 F.2d 312, 313-14 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988). Therefore, Hampton should be allowed to raise the ineffective assistance of counsel issue in his § 2255 motion without showing cause and prejudice for his failure to raise it on direct appeal. See **United States v. Smith**, 844 F.2d 203, 206 (5th Cir. 1988); **United States v. Pierce**, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 506 U.S. 1007 (1992).

5

The district court's order of dismissal insofar as this ineffective assistance of counsel claim is involved is vacated and we remand that claim for further consideration.

**Application of Sentencing Guidelines**

In his § 2255 motion, Hampton also argued that his juvenile conviction should not have been included in the calculation of his criminal history category.  The district court either failed to address this argument or it consolidated this argument with Hampton's assertion of constitutional disparity, evidenced by its conclusion that "[t]he petitioner alleges that his constitutional rights protected under the 8th and 14th amendments were violated by the application of the Sentencing Guidelines and the Presentence Investigation Report...."  The district court then denied relief based on Hampton's failure to raise the issue on direct appeal and his failure to show cause and prejudice.

The district court's disposition of this issue is without error because Hampton's challenge to the district court's application of the Guidelines is not cognizable in a § 2255 motion. **United States v. Vaughn**, 955 F.2d 367, 368 (5th Cir. 1992).  A district court's technical application of the Guidelines does not give rise to a constitutional issue.  **Id**.  This non-constitutional issue could have been raised on direct appeal, but was not, thus precluding our  consideration of the issue under § 2255. **United States v. Capua**, 656 F.2d 1033, 1037 (5th Cir. 1981).

The district court's disposition of this sentencing guidelines issue is affirmed.

**AFFIRMED** in part and **VACATED** and **REMANDED** in part.