# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2014

Lyle W. Cayce
Clerk

No. 12-50930

JEFFREY CLINTON VACCARO,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-156

Before JOLLY, GARZA, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jeffrey Clinton Vaccaro ("Vaccaro"), Texas Prisoner # 1275094, was convicted by a jury of driving while intoxicated and sentenced to 35 years in prison. At trial, Vaccaro's counsel, Rickey Lee Bryan ("Bryan") offered into evidence a police video of his client's arrest, presenting only a short segment during his cross-examination of an arresting officer. The prosecution later played this same segment while questioning another witness. The video was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50930

not redacted, and Bryan did not request an instruction limiting the jury's consideration to the portion played at trial. The full video contained statements that the parties agreed were inadmissible—namely, the results of a portable breath test indicating that Vaccaro had a .147 blood alcohol level one hour after his collision with another motorist, and statements about Vaccaro's previous criminal activity, temperament, and history of incarceration. During deliberations, the jury requested and was allowed to review the exhibits submitted during trial, including the arrest video. Bryan did not object. Because court was being held in temporary facilities, Bryan later overheard the jury viewing the entire arrest video, not just the segment presented during the trial. Despite his specific awareness that the jury reviewed inadmissible evidence while deliberating, Bryan did not object or seek a curative instruction from the trial court.

On direct appeal in the state courts, Vaccaro claimed that Bryan rendered ineffective assistance of counsel. The Texas Court of Appeals affirmed his conviction and sentence.[1] His subsequent petition for state habeas corpus relief was denied without a written opinion. *Ex parte Vaccaro*, No. 47,684-02 at *28 (Tex. Crim. App. 2009). Vaccaro then filed the instant 28 U.S.C. § 2254 petition for a federal writ of habeas corpus, which the district court denied as to each of his many claims. We granted a certificate of appealability ("COA") solely as to Vaccaro's claim of "ineffective assistance of counsel for (1) failing to redact the videotape; (2) failing to seek to limit the jury's viewing of the tape during deliberations; and (3) failing to object once counsel realized the jury was viewing the entire tape."

---

[1] *Vaccaro v. State*, No.10-4-00336-CR, 2007 WL 1289431 (Tex. App. May 2, 2007) (unpublished). Vaccaro also filed an appeal for discretionary review with the Texas Court of Criminal Appeals, but that petition was denied.

2

No. 12-50930

A state prisoner's federal habeas petition is reviewed under the highly deferential standard set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). *See Paredes v. Thaler*, 617 F.3d 315, 318–19 (5th Cir. 2010). By its terms, AEDPA's standards only apply "with respect to any claim that was adjudicated on the merits in State court proceedings . . . ." 28 U.S.C. § 2254(d).

Vaccaro claims that AEDPA does not apply because the state courts did not review his ineffective assistance claim on the merits. This is incorrect. The last reasoned state court decision,[2] issued from the Texas Court of Appeals, overruled Vaccaro's ineffective assistance claim because the appellate record did not contain sufficient information to satisfy Vacarro's burden of rebutting the "strong presumption that counsel provided reasonably professional assistance." *Vaccaro*, 2007 WL 1289431, at \*6 (internal quotations and citations omitted). In determining that Vaccaro did not satisfy his burden under the state's governing law, the state court's ruling goes to the merits of the claim. In effect, Vaccaro asserts that the state appellate court's decision should not be considered a decision on the merits because it did not engage in a full *Strickland* analysis, rather resting its decision on the insufficiency of the record. However, "a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." *Neal v. Puckett,* 286 F.3d 230, 246 (5th Cir. 2002). The Supreme Court recently reconfirmed that Section "2254(d) does not require a state court

---

[2] The Texas Court of Criminal Appeals denied state postconviction relief without written order. *Ex parte Vaccaro*, No. 47,684-02 at \*28 (Tex. Crim. App. 2009). "When faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter" to determine whether the decision is an adjudication on the merits or procedural. *Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999).

to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). Even if, "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784.

Because the Texas Court of Appeals rendered a decision on Vaccaro's ineffective assistance of counsel claim, the § 2254(d) standards apply to his petition. Section 2254(d) establishes that:

> Federal habeas relief may not be granted for claims . . . unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court, §2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000) . . . ; or that it "involved an unreasonable application of" such law, §2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, §2254(d)(2).

*Harrington*, 131 S. Ct. at 785. Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that, "it was meant to be" so. *Harrington*, 131 S. Ct. at 786.

The state court decision under review concludes that Bryan did not provide ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Vaccaro must show (1) that his counsel's performance was deficient such that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). A failure to establish either element defeats the claim. *Id.* at 687. Performance is deficient when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment." *Id.* at 687. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 38–39 (2009) (internal quotations omitted).[3] Accordingly, here, as in *Harrington*, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

Assuming, without deciding, that Bryan's failure to redact the tape, prevent the jury from viewing the full tape, and object after learning of the error, constitute deficient performance, we conclude that "fairminded jurists could disagree" as to whether Bryan's deficiency prejudiced Vaccaro. *Yarborough*, 541 U.S. at 664. Thus, the state court decision disposing of Vaccaro's *Strickland* claim precludes federal habeas relief. *Harrington*, 131 S. Ct. at 786.

Vaccaro asserts that he was prejudiced because the jury would not have convicted him had it not viewed the entire arrest video.[4] In Texas, at the time of Vaccaro's conviction, "a person commits a [DWI] offense if the person is

---

[3] There is a limited set of *Strickland* claims in which prejudice will be presumed when counsel does not put the Government's case to "meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984). Vaccaro's claim does not fall within this set. The presumption arises in a "narrow spectrum of cases," such as those "involving the absence of counsel from the courtroom, conflicts of interest . . . and official interference with the defense." *Childress v. Johnson*, 103 F.3d 1221, 1228–29 (5th Cir. 1997).

[4] Vaccaro also asserts that Bryan's deficient performance resulted in prejudice at the sentencing stage, because it was possible that the jury imposed a higher sentence based upon the information it gleaned from viewing the full video. We do not reach this claim because Vaccaro failed to raise it before the state courts or the district court. This is not a situation in which the *pro se* petitioner has inartfully identified a legal error, in which case we would give the argument a liberal construction, affording it the same consideration as a competently briefed argument made by an attorney. *See United States v. Hampton*, 99 F.3d 1135, at *1 (5th Cir. 1996) (unpublished) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). This is a new legal theory raised for the first time in the instant appeal. Even with the leeway afforded *pro se* appellants, "[a]s a general rule, this Court does not review issues raised for the first time on appeal." *Yohey v. Collins,* 985 F.3d 222, 225 (5th Cir. 1993) (citing *United States v. Garcia-Pillado*, 898 F.2d 36, 39 (5th Cir. 1990)).

intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West 2003). The evidence adduced at trial suggests the jury could have convicted Vaccaro of the Texas DWI offense without any consideration of the inadmissible information obtained from viewing the full arrest video—including his .147 blood alcohol level.

At least three witnesses offered testimony strongly suggesting that Vaccaro was intoxicated at the time of the collision. The complainant, Rosa Zapata ("Zapata"), whose stopped car was rear-ended by Vaccaro on a public road, testified that Vaccaro collided with her vehicle shortly after 9:00 PM. She informed the jury that Vaccaro smelled of liquor, and could not speak clearly or stand straight when he exited his car to speak with her. Zapata also offered her opinion that Vaccaro "was drunk" at the time of the collision. Her recollection of the timing of the accident was supported by the 9:13 PM timestamp from the 911 call she placed from her home after leaving the scene. Additionally, the arresting officers took the stand and testified that Vaccaro demonstrated symptoms of intoxication when he was discovered sleeping in his pickup in a nearby parking lot at approximately 10:00 PM. The officers testified that Vaccaro smelled of alcohol, had bloodshot eyes, seemed confused, slurred his words, and did not know where he was.

At minimum—and this is the only relevant issue under AEDPA's deferential standard—whether there is a reasonable probability that the jury would have reached a different verdict but for Bryan's deficient performance is a question about which reasonable jurists could disagree. As the Supreme Court explained in *Harrington*, to obtain a federal writ of habeas corpus, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law *beyond any possibility for fairminded disagreement*." 131 S. Ct. at 786–87 (emphasis added).

6

Accordingly, we cannot say that the state court's decision is unreasonable, and we may not grant Vaccaro habeas relief under § 2254(d).

AFFIRMED.